*Munson v. Director of Revenue,* 783 S.W.2d 912, 915 (Mo. banc 1990).[6] Certainly where, as in the present case, the prosecutor appeared on behalf of the named Department of Revenue, there is not even a suggestion the director should for that reason be regarded as a party. *Cf. Walsh v. Department of Revenue,* supra.

Having no jurisdiction, the trial court's judgment was absolutely void, *Huffman v. Department of Revenue, supra,* 523 S.W.2d at 108. Having no jurisdiction of the subject matter to which its order was addressed, the order should be set aside. *Randles v. Schaffner,* 485 S.W.2d 1 (Mo. 1972). Accordingly, the judgment is reversed. The cause is remanded with directions that it be dismissed for want of jurisdiction. *In re Marriage of Southard,* 733 S.W.2d 867, 869 (Mo.App.1987).

HOGAN, C.J., FLANIGAN, P.J., and MAUS, J., concur.

Henry B. Robertson, Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Movant appeals from denial of his post-conviction Rule 29.15 motion seeking to set aside his conviction and sentence of ten years for sodomy. The motion was based on ineffectiveness of counsel. We find no error in the court's denial of the motion, that the judgment is based upon findings of fact that are not clearly erroneous and that an opinion would have no precedential value. A statement in support of our conclusion has been furnished to the parties. The judgment is affirmed pursuant to Rule 84.16(b).

STATE of Missouri, Respondent,

v.

Haze SHUMPERT, Appellant.

No. 54431.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1990.

STATE of Missouri, Respondent,

v.

Marvin JENNINGS, Appellant.

No. 56263.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1990.

---

6. *Munson* was not a case where the Director of Revenue was required to be, or even could be, a party to the cause in the trial court. The appeal was dismissed because taken by an unaggrieved stranger to the case contrary to the general provisions of § 512.020. The earlier *Proctor* case, from this Court, was of similar effect.

There was therefore no question about the validity of the trial court's order from a jurisdictional point of view. That is unlike the present case in which the trial court had no power to make the particular adjudication it did make. A mere dismissal would not correct this.